438 December 3, 2025 No. 1044

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

David J. RENNIE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Telluric Enterprises LLC,
*Respondents.*

Employment Appeals Board
2024EAB0259;
A184518

Submitted October 16, 2025.

David J. Rennie filed the brief *pro se.*

Denise G. Fjordbeck, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance for respondent Telluric Enterprises LLC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Claimant appeals a final order of the Employment Appeals Board. The board concluded that claimant left work at Telluric Enterprises LLC without good cause and therefore was disqualified from receiving unemployment benefits under ORS 657.176(2)(c), effective October 22, 2023. Claimant contends that the board erred. He argues that his resignation "was based on the significant and unforeseen increase in his daily commute, which went from a manageable 10 to 15 minutes to a burdensome 55 to 75 minutes each way, after the Employer's relocation of operations," and that such a drastically increased commute is an unreasonable hardship that constitutes good cause to leave work under Oregon law. Neither employer nor the department appear on appeal. Having reviewed the record and considered claimant's arguments, we affirm.

*Facts*. We state the historical facts as found by the board. *McDowell v. Employment Dept.*, 348 Or 605, 608, 236 P3d 722 (2010). Claimant worked as a field technician for employer from September 17, 2018, to October 13, 2023. Claimant quit because he no longer wanted to commute to work from his residence in Happy Valley. Employer is based in Beaverton but has trailers located throughout the Portland metropolitan area where it stores equipment for employees to pick up and use at job sites. During his employment, claimant was dispatched to work for clients throughout the Portland metropolitan area, but he spent most of his time working at the Intel facility in Hillsboro, where employer kept an equipment trailer. The Intel facility is a 51- to 75-minute commute each way from claimant's residence. Before claimant quit, employer had announced that it was opening a central office space in Hillsboro that would be used for staff meetings; the new space was located 0.1 miles from the Intel facility. Employer did not close or move any equipment trailers in connection with opening the new space.

After leaving his employment, claimant filed for unemployment benefits. The Employment Department denied benefits, and the board affirmed with modifications. The board explained that it was claimant's burden to

establish good cause to leave work and that he failed to do so:

> "Claimant has not met that burden. Although claimant asserted that he was quitting to avoid a long commute to employer's new office in Hillsboro, the new office location would have had little to no impact on claimant. He would not have to report to that office on a regular basis; instead, he would continue reporting to the nearest trailer to the job site as necessary to pick up equipment. Moreover, even if claimant would have to report to the new office location on occasion, claimant had been commuting to Hillsboro to work at Intel—which was 0.1 miles from employer's new office—for years. His unwillingness to continue making the same commute that he had been making for years did not create a grave situation. Claimant voluntarily left work without good cause and is therefore disqualified from receiving unemployment insurance benefits."

Claimant appeals that final order.

*Analysis.* ORS 657.176(2)(c) provides that an individual shall be disqualified from receiving unemployment benefits if they "[v]oluntarily left work without good cause." Here, the board concluded, and claimant does not contest, that claimant voluntarily left work. The only question on appeal is whether the board erred in concluding that claimant failed to establish "good cause" for doing so. *See Young v. Employment Dept.*, 170 Or App 752, 756, 13 P3d 1027 (2000) (placing the burden of proof on the claimant to establish good cause). A person has "good cause" to voluntarily leave work within the meaning of ORS 657.176(2)(c) if the situation "is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work." OAR 471-030-0038(4). Subject to an exception not applicable here, "the reason must be of such gravity that the individual has no reasonable alternative but to leave work." *Id.* "Thus, good cause under the rule is an objective standard that asks whether a 'reasonable and prudent person' would consider the situation so grave that he or she had no reasonable alternative to quitting." *McDowell*, 348 Or at 612.

Claimant argues that he quit due to a "drastic change in commuting time"; that his "daily commute \*\*\*

went from a manageable 10 to 15 minutes to a burdensome 55 to 75 minutes each way" due to employer's "relocation of operations"; that the "new commuting requirements" were unduly burdensome and would cause a reasonable person to quit; and that the board "misapplied the law" in concluding that claimant had not established good cause to leave work.

The difficulty with claimant's argument is that it fails to account for the board's findings and, relatedly, the standard of review. *See Amalgamated Transit Union v. TriMet*, 298 Or App 332, 333, 447 P3d 50 (2019) (we review the board's factual findings for substantial evidence and its conclusions for legal error). The crux of claimant's argument is that the board's decision relies on "an incorrect interpretation of the legal standard for 'good cause.'" He contends that the board "relied on a narrow interpretation of 'good cause' by concluding that a reasonable person in [claimant's] position would not have resigned solely because of the longer commute." He describes the board's reasoning as "overlook[ing] the unique and extraordinary nature of the commute increase, which was not a minor inconvenience but a significant life change that impacted [claimant's] daily routine and quality of life," and "fail[ing] to consider the extraordinary impact of [claimant's] increased commute." Claimant cites various cases as supporting his position that a drastically increased commute constitutes good cause to leave employment. He argues that the board's "failure to acknowledge the impact of the commute on [his] well-being and ability to continue working demonstrates an error in its analysis of the facts."

Claimant's arguments misapprehend the basis for the board's decision. The board assumed, at least *arguendo*, that a drastically increased commute caused by the employer could qualify as good cause to leave work. The board found, however, that claimant's commute *had not increased*—at all, let alone drastically. As quoted above, the board found that claimant was usually assigned to work at the Intel facility in Hillsboro, that employer kept a work trailer on site, and that neither of those facts had changed. The board further found that, even if claimant needed to go to the new office space—which was to be used for staff meetings—it was only

0.1 miles from the Intel facility where he had been working for years. As the board succinctly put it, claimant's "unwillingness to *continue making the same commute that he had been making for years* did not create a grave situation." (Emphasis added.)

The board's findings are binding on appeal, as claimant has not assigned error to them or developed any argument that they are unsupported by evidence. *See McDowell*, 348 Or at 608. Claimant simply ignores the board's findings, assumes his contrary version of the facts as true (that his commute increased when employer opened the new office space), and then posits that the board must have misapplied the law. Claimant's arguments are not well taken. The board's order denying unemployment benefits is affirmed.

Affirmed.